Berke, et al. v. Presstek, et al.      CV-96-347-M    06/02/98
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Bill Berke, et al.,
        Plaintiffs

v.                                          Civil No.  96-347-M

Presstek, Inc., et al.,
        Defendants


**O R D E R**


Presstek defendants move to strike exhibits and references in plaintiffs' amended complaint to a consent order between the Securities and Exchange Commission and Presstek, and a consent judgment related to defendants Robert Howard and Robert Verrando. Defendants contend that plaintiffs inappropriately refer to "findings" by the SEC and point to the consent decrees as evidence of defendants' liability.  Defendants argue that the references to the consent decrees should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

Rule 12(f) provides "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Because motions to strike are not favored, challenged "matter" in a pleading will not be stricken "unless it is clear that it can have no possible bearing upon the subject matter of the litigation."  Nault's Auto. Sales v. American Honda Motor Co., 148 F.R.D. 25, 30 (D.N.H. 1993) (quotations omitted).  Pleadings will not be stricken absent clear immateriality or prejudice to the moving party.  See, e.g.,

In re Chambers Dev. Sec. Litig., 848 F. Supp. 602, 622 (W.D. Pa. 1994); Tektel, Inc. v. Maier, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992); 5A Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure, § 1382 at 697-98 (2d ed. 1990). The moving party (defendants here) bears the burden on a motion to strike. Capitol Indem. Corp. v. Tranel Dev. Inc., 144 F.R.D. 346, 348 (N.D. Ill. 1992). Thus, to succeed on a motion to strike under Rule 12(f), "the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." Wine Mkts Int'l, Inc. v. Bass, No. CV 96-1349 ADS, 1998 WL 32482 (E.D.N.Y. Jan. 23, 1998); see also Sierra Club v. Tri-State Generation and Transmission Ass'n, 173 F.R.D. 275, 285 (D. Colo. 1997); Capitol Indemnity Corp. v. Tranel Devs., Inc., 144 F.R.D. 346, 347 (N.D. Ill. 1992).

The parties agree that the SEC's factual findings, included in the consent decrees, cannot be used to prove liability. See Fed.R.Evid. 408; see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 892 (2d Cir. 1976). Nevertheless, consent decrees may be admissible for other purposes, such as to show knowledge or intent. See, e.g., McInnis v. A.M.F., Inc., 765 F.2d 240,247-48 (1st Cir. 1985); Wegerer v. First Commodity Corp. of Boston, 744 F.2d 719, 723-24 (10th Cir. 1984); United States v. Gilbert, 668 F.2d 94, 97 (2d Cir. 1981). It would not be appropriate to make evidentiary determinations at this preliminary pleading

2

stage in the context of a motion to strike. Instead, the question properly posed is whether references in the complaint to the SEC's consent decrees have any bearing on issues in this suit — not whether the allegations and exhibits attached to the complaint are, or might be, competent evidence if offered at trial. Since the consent decrees operate to settle disputes about the same or similar conduct by some parties to this action, the SEC proceedings and consent decrees are, generally, sufficiently related to plaintiffs' claims to survive defendants' motion to strike. In addition, defendants have not shown any possible prejudice.

Nevertheless, because plaintiffs' specific allegations at paragraphs 42(j) and 231, i.e. "Presstek consented to an order making findings of fact. . . .," are patently false, those two allegations are stricken.[1] In addition, plaintiffs' allegations, presented as SEC findings (at paragraphs 92, 232, and 234, for example) are considered to be plaintiffs' allegations only, as no weight may be added simply because the SEC may have included such a finding in a consent decree. Similarly, the court cautions

---

[1]The SEC's December 22, 1997, consent decree with Presstek attached to the amended complaint as exhibit B, says:
   Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party, the Respondent, <u>without admitting or denying the findings set forth herein</u>, except that it admits to the jurisdiction of the Commission over it and over the subject matter of these proceedings, consents to the entry of the findings and to the issuance of this Order Instituting Proceedings ("Order").

Emphasis added.

plaintiffs that the exhibits attached to the complaint are no more authoritative than their own allegations of the same facts and do not serve to establish the truth of the matters asserted, or the allegations in the complaint. Needless to say, plaintiffs will not refer to such allegations before a jury without the court's prior approval.

Defendants' motion to strike (document no. 118) is granted as to the specific statements in paragraphs 42(j) and 231, and is otherwise denied as explained in this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 2, 1998

cc: Edward F. Haber, Esq.
George R. Moore, Esq.
Patricia I. Avery, Esq.
Kevin E. Sharkey, Esq.
Paul D. Young, Esq.
Mark L. Mallory, Esq.
Patricia D. Howard
Solomon Cera, Esq.
Barrie L. Brejcha, Esq.
Kenneth A. Cossingham, Esq.
Thomas J. Pappas, Esq.
R. Bruce McNew, Esq.

4